Hart, J.
 

 The sole question presented is whether the children of an heir designated as such under Section 10503-12, General Code, and who died prior to the execution of the last will and testament of the designator possess a right of inheritance from the latter under Sections 10503-4 and 10504-49, General Code, thereby enabling them to maintain an action to contest the will of the designator.
 

 It is the claim of the plaintiffs that a designated heir stands toward the designator as his child under the statute of descent and distribution (Section 10503-4 [1], General Code), inherits from the designator the portion of such a child, and that in case the designated heir predeceases the designator the former’s children inherit from the designator the share which the designated heir would have inherited if he had survived the designator. On the other hand, the defendants maintain that, prior to the death of the designator, a designated heir does not stand toward the designator as his child under the statute of descent and distribution; that the designation as heir may be revoked by the designator at any time within the lifetime of the latter: that the designation ceases or is revoked by the death of the designated heir prior to the death of the designator; and that, therefore, there is a termination of any contingent right of inheritance of the designated heir’s issue or next of kin in the property of the designator, with a single statutory exception that the next of kin of the designated heir may under certain circumstances inherit from the designator where the designation is made after the execution of a last will and testament of the designator, which exception is hereinafter referred to.
 

 Before proceeding to a discussion of the main and
 
 *140
 
 ancillary issues to be answered in this case, it is appropriate to discuss a few of tbe fundamental rules relating to tbe concepts of heirship and descent with which we must deal.
 

 The light to inherit is not an inherent or natural right but one conferred only by statute. 16 American Jurisprudence, 777, Section 12; 14 Ohio Jurisprudence, 97, Sections 5 and 6;
 
 Parsons
 
 v.
 
 Parsons,
 
 52 Ohio St., 470, 484, 40 N. E., 165;
 
 Drake
 
 v.
 
 Rogers,
 
 13 Ohio St., 21, 30. A child inherits from its parent only because of the statutory provisions for descent. His contingent right to inherit from a parent may be taken away prior to the death of such parent by change of statute; and, in the event of his death before his parent, neither he nor his esta te takes any part of the parental estate. Children of a deceased child do not inherit through the latter as to the estate of the parents of such deceased child, but directly from the grandparents as their heirs at law, by virtue of the statute of descent and distribution.
 
 Youngblood
 
 v.
 
 Youngblood,,
 
 11 C. C. (N. S.), 276, affirmed 78 Ohio St., 405.
 

 The General Assembly may authorize the creation of a legal status between two persons whereby, at their option, they may enjoy the legal relationship of parent and child -even though there be no blood relationship between them. This is the purpose and function of the adoption statutes of this state. See Sections 10512-9 to 10512-23, General Code.
 

 In a result of a decree of adoption the child, to ail intents and purposes, is the child of the adopter. No revocation of the adoption may be made by the adopting parent. The adopted child
 
 ‘1
 
 shall be invested with every legal right, privilege, obligation and relation in respect to education, maintenance and the rights of inheritance to real estate, or to the distribution of personal estate on the death of such adopting parent
 
 *141
 
 or parents as if born to them in lawful wedlock; * * * but shall be capable of inheriting property expressly limited by will or by operation of law to the child or children, heir or heirs at law, or next of kin, of the adopting parent or parents, or to a class including any of the foregoing.” (Section 10512-23, General Code.)
 

 The statute specifically provides that when a devise- or bequest is made to a child, which includes an adopted; child, if such child is dead at the time the will was made or dies thereafter leaving issue (which would also include an adopted child [see
 
 Flynn, Admr.,
 
 v.
 
 Bredbeck,
 
 147 Ohio St., 49, 68 N. E. (2d), 75]) surviving the testator, such issue shall take the estate devised as the named devisee would have done, if he had survived the testator. See Section 10504-73, General Code.
 

 The legal status of a designated heir is materially different from that of a child or “legal” child made such by adoption.
 

 The pertinent part of Section 10503-12, General Code, relating to the designation of an heir is as follows:
 

 “A person of sound mind and memory may appear before the probate judge of his county, and * * * file a written declaration * * * declaring that “ * * he or she did designate and appoint another * * *
 
 to stand toward him in the relation of an heir at law in the event of his or her death.
 
 * * * Thenceforward the person thus designated will stand in the same relation, for all purposes, to such declarant as he or she could, if a child born in lawful wedlock. The rules of inheritance will be the same, between him and the relations by blood of the declarant, as if so born * * *. After a lapse of one year from and after the date of such designation such declarant may have such designation vacated or changed by filing in said Probate Court an application to vacate or change such desig
 
 *142
 
 nation of heir; provided, however, that the same procedure, conditions and prerequisites are complied with, as are required in the making of the original declaration.” (Italics supplied.)
 

 In
 
 Blackwell, Gdn.,
 
 v. Bowman,
 
 Exr.,
 
 150 Ohio St., 34, 41, 80 N. E. (2d), 493, Judge Stewart, the writer of the opinion, cogently set out the characteristic differences between the status of a designated heir and the status of an adopted child. In that case, this court held that an adopted child can inherit through as well as from the adopting parent, whereas a designated heir can inherit only from but not through the designator. Judge Stewart, in construing portions of Section 10503-12, General Code, said:
 

 “The pertinent language of the designated-heir statute is.
 

 “ ‘The person thus designated will stand in the same relation, for all purposes, to such declarant as he or she could, if a child born in lawful wedlock.’
 

 “It will be noted that the language is not that the designee will so stand as to his declarant’s family and relatives whom he may not know and who may not know designee. Designee was not adopted as a child of declarant but was only designated as an heir. The language just quoted would seem to limit the relationship of designee to the declarant himself and to no one else.”
 

 Both the adoption statute and the designated-heir statute provide for a status but not a right of inheritance. The statute of descent and distribution alone determines inheritance. The adoption statute gives the adoptee the status of a child at the moment of adoption. On the other hand, the designated-heir statute does not give a designated heir the status of a child as to inheritance until the designation becomes effective upon the death of the designator. This is evident from the fact that up until the death of the
 
 *143
 
 designator he may revoke his designation and designate another. The exercise of this power is inconsistent with the status of a child — once a child, always a child.
 

 Not only does logic compel this distinction and result, but the designated-heir statute itself makes this distinction apparent. The designated-heir statute provides that a person “may * * * file a written declaration * * * declaring * * * he or she did designate and appoint another * * * to stand toward him in the relation of an heir at law
 
 in the event of his or her death.
 
 * * * Thenceforward the person thus designated will stand in the same relation, for all purposes, to such declarant as he or she could, if a child born in lawful wedlock.” (Italics supplied.)
 

 The heirship becomes effective only at the death of the designator. Prior to that time the heirship is only a designation subject to revocation and change. The designated heir stands as an “heir at law,” in the event of the designator’s death, which means at or upon “his or her death.” The phrase, “in the event of his or her death,” cannot be read out of the statute, but must be given its natural meaning. No one can become an “heir” of another until such other’s death. Prior to the death of the one from whom the inheritance descends, the heirship is only prospective and contingent. Death of the ancestor is, under the law, the event which makes the descendant the “heir at law” and casts the succession upon him. 16 American Jurisprudence, 821, Section 49.
 

 “Thenceforward” (meaning from the death of the designator), the designated heir has the status of an heir at law and, under the statute, the status of a child. See
 
 Moore
 
 v.
 
 Estate of Moore,
 
 35 Vt., 98. However, if the designated heir predeceases the designator, it folloAVS as a matter of course, he never reaches the status of an heir at law or child of his designator.
 

 
 *144
 
 This distinction has not been made in the decisions of this court for the reason that there has been no occasion to do so. This court, on several occasions, has broadly stated that a designated heir stands toward the designator as a child without pointing out whether such status is attained from the date of designation or only from the date of the death of the designator. See
 
 Coohrel, a Minor,
 
 v.
 
 Robinson,
 
 113 Ohio St., 526, 149 N. E., 871, and
 
 Blackwell
 
 v.
 
 Bowman, supra.
 
 But it is significant that in each of the cases above cited the court had under consideration the status of a designated heir who had survived the designator.
 

 If the designated heir in the instant case did not attain the status of a child of the designator at or before her death, then under the statute of descent and distribution, his surviving children, plaintiffs in this action, did not become heirs at law or next of kin of the designator and cannot maintain this action. This is apparent from Section 10503-4, General Code, the pertinent part of which is as follows:
 

 “When a person dies intestate having title or right to any personal property, or to any real estate or inheritance in this state, such personal property shall be distributed, and such real estate or inheritance shall descend and pass in parcenary, except as otherwise provided by law, in the following course:
 

 “1. If there be no surviving spouse, to the children of such intestate or their lineal descendants, per stirpes. £ £ * * *
 

 “6. If there be no spouse, no children or their lineal descendants, and no parent surviving, to the brothers and sisters, whether of the whole or of the half blood of the intestate, or their lineal descendants, per stirpes.”
 

 The statutory provisions for descent are to a greater or less extent affected and may be made inapplicable by the execution of a will. And, statutory provisions are, in certain instances, made to prevent what might
 
 *145
 
 be considered an unintentional harsh result under the law of wills. Such a statute is Section 10504-49, General Code, commonly known as the antilapse statute, the pertinent parts of which are as follows:
 

 “If after making a last will and testament, (a) the testator has a child born alive, or (b) the testator adopts a child, or (c) the testator designates an heir in the manner provided by law * * * and no provision has been made in such will or by settlement for such pretermitted child or heir, or for the issue thereof; the will shall not on that account be revoked, but, unless it shall appear by such will that it was the intention of the testator to disinherit such pretermitted child or heir, the devises and legacies by such will granted and given shall be abated proportionately * * so that such pretermitted child or heir will receive a share equal to that which such person would have been entitled to receive out of the estate if such testator had died intestate. In the event of the death of such child or heir prior to the death of the testator, the issue of such deceased child or heir shall receive the share the parent would have received if living.
 

 “Though measured by the law of intestate succession, the share taken by a pretermitted child or heir shall be considered as a testate succession.”
 

 Of course, this statute has no application to the facts in the instant case because the designated heir died long before the will here in question was executed by the designator-decedent. However, the plaintiffs claim that this legislation indicates a legislative purpose to consider a
 
 child
 
 and
 
 a designated heir
 
 in the same category so far as rights of inheritance are concerned, and that since the prior death of the designated heir under the circumstances named in the statute does not preclude succession from the designator-testator to the issue of such designated heir, a legislative policy is thus indicated to the effect that a designated heir
 
 *146
 
 has the same status as a child in the matter of inheritance from his designator and in the right of succession from such designator to the children of such designated heir.
 

 The statute last quoted evidently has for its purpose the carrying out of a presumed intention of a testator in the designation of an heir after the execution of a will which makes no provision for the person so designated. Under such circumstances the statute was meant to give effect to the presumed intention of the testator, expressed by his act of designating the heir, to revoke the previous will so far as the designated heir and, in case of his death, his children are concerned. Otherwise the designation of the heir after the execution of the will would be a vain act on the part of the testator. The very fact that the General Assembly limited the operation of Section 10504-49, General Code, to a specific situation, that is, the making of a will before the testator designates an heir, in which will or by settlement no provision is made for such designated and pretermitted heir or for the issue thereof, and no intention appears from the will to disinherit such pretermitted designated heir, or, under such circumstances, the designated heir predeceases the testator, argues strongly that it was not the legislative intention to apply the rule established by the statute to any other set of circumstances. In other words, the rule of
 
 expressio unius est exclusio alterius
 
 applies. In fact, this court applied this rule very significantly in a somewhat analogous situation in
 
 Theobald v. Fugman,
 
 64 Ohio St., 473, 60 N. E., 606. That case involved a bequest to a church, and, the testatrix dying within one year, the designated heirs sought to bring themselves within the terms of Section 5915, Revised Statutes, substantially present Section 10504-5, General Code, which provides:
 

 “If a testator dies leaving issue of his body, or
 
 *147
 
 an adopted child, living * * * and the will of such testator gives * * * the estate * * or any part thereof, to a benevolent, religious * * * purpose * * * such will as to such gift *
 
 *
 
 shall be invalid unless it was executed according to law, at least one year prior to the death of the testator.”
 

 It was held that the legacy was not defeated by the existence of a designated heir. The reasoning of the court appears in the following language on page 483:
 

 “The Legislature thus found, besides blood relations capable of inheriting from an ancestor, two classes having certain statutory rights of inheritance, viz.: adopted children and designated heirs. With these two conditions before the law makers they chose to expressly include within the effect of Section 5915 one of those classes and omit the other. If we apply the well known rule of construction
 
 expressio unius esi exclusio alterius,
 
 the inevitable result is that
 
 designated heirs are not within the statute.”
 
 (English italics supplied.)
 

 In other words, the court was careful to limit the statute to the facts found in that case and to the specific language of the statute involved. As the statute under which the rights of the designated heir in the
 
 Fugman case
 
 were measured expressly omitted him, it followed that he had no enforceable rights. That case was cited with approval in
 
 Coehrel, a Minor,
 
 v.
 
 Robinson, supra.
 

 It is also interesting to note that when the General Assembly enacted Section 10504-49, General Code, including designated heirs, and made provisions as to the issue of a designated heir under the particular circumstances covered by that section, to wit, the designation of an heir after the execution of a will, the General Assembly failed to add or include issue of a designated heir in the designated-heir statute itself, Section 10503-12, General Code, did not add or include
 
 *148
 
 either the “designated heir” or the issue of a “designated heir” in the statute of descent, Section 10503-4, General Code, did not include either the designated heir or issue of a designated heir in the statute covering charitable bequests, Section 10504-5, and did not include either the designated heir or the issue of designated heir in the statute covering the lapsing of devises, Section 10504-73, all of which statutes were included with Section 10504-49, General Code, in the same codifying act effective January 1, 1932. The presumption must follow that the intent of the General Assembly was to provide special inheritance rights for designated heirs and the issue of designated heirs under the peculiar and particular circumstances covered by Section 10504-49, General Code.
 

 Upon a survey of the particular statute involved in this controversy, Section 10503-12, General Code, and all other statutes which must be implemented with it, this court concludes that a “designated heir” reaches the status of a child only upon the death of his designator, and if such designated heir predeceases his designator the children of the former do not become heirs at law or next of kin of the designator so as to inherit from him, except under the peculiar and special circumstances provided for in Section 10504-49, General Code.
 

 As a necessary result, the plaintiffs are not qualified to maintain this action.
 

 The judgment of the Court of Appeals is reversed and that of the Common Pleas Court affirmed.
 

 Judgment reversed.
 

 Zimmerman, Stewart, Middleton, Taet and Matthias, JJ., concur.
 

 Weygandt, C. J., dissents.