Tart, C. J.
The question to be determined' is whether a person, who was designated as an heir by a decedent pursuant to Section 2105.15, Revised Code, is, within the meaning of Section 5731.09, Revised Code, a “person recognized by the decedent as an adopted child and designated by such decedent as an heir under a statute of this * * * state, ’ ’ even where there is no other showing, apart from such designation,' that the decedent recognized the designee as an adopted child.
In Ohio, no statute, other than Section 2105.15, provides for designation of an heir. Hence, the foregoing question must be answered in the affirmative if any person designated as an heir by a decedent pursuant to Section 2105.15, Revised Code; will thereby be a “person recognized by the decedent as an adopted child” within the meaning of Section 5731.09, Revised Code.
Generally, one person will be considered as the adopted child of another where there is established or created between them the status or legal relationship of parent and child, but that status or relationship can be established or created only by statutory provisions for such establishment or creation1. 2 American Jurisprudence (2d), 860 et seq., Sections 1 and 2.
Section 2105.15, Revised Code, specifically provides that the designated heir “will stand in the same relation, for all purposes, to such declarant as he could if a child born in law-1 ful wedlock,” and that “the rules of inheritance will be the' same between him and the relations by blood of the declarant;as if so born.”
This certainly amounts to a legislative statement that the' designated heir shall have the attributes of an adopted child; It necessarily follows that a valid designation of an heir under Section 2105.15, Revised Code, will amount to the recognition by the designator of the designee as an adopted child.
This conclusion is fortified by observations heretofore made by judges of this court.
Thus, it is stated in the opinion by White, J., in Brower v. Hunt (1868), 18 Ohio St., 311, 341:
“In regard to the statutes of adoption passed April 29, 1854 [now the “designated heir” statute, Section 2105.15, Revised Code], and March 29, 1859 * * * [the first' statutes providing for what is now commonly considered adoption] it is sufficient to say that they contain express provisions prescrib *404 ing the course of descent from the adopted heir, and define his legal status to he that of a child of the adopter.” (Emphasis added.)
Again in Judge White’s opinion in Lathrop v. Young (1874), 25 Ohio St., 451, 463, it is stated with regard to the same statutory enactments: “These acts give to the adopted heir the legal status of a child of the adopter, born in lawful wedlock; and the statute requires him to be regarded as such child, in tracing descent to or from him in the cases therein specified.” (Emphasis added.)
In Cochrel, a Minor, v. Robinson (1925), 113 Ohio St., 526, 532, 149 N. E., 871, Day, J., states parenthetically that “designated heirs may be so regarded,” i. e., as “adopted children.”
We recognize that there has been a tendency to belittle the unchanging status of a designatd heir compared to the much improved status of a child adopted pursuant to judicial decree in accordance with what are ordinarily referred to and considered now as our adoption statutes. See Blackwell, Gdn., v. Bowman, Exr. (1948), 150 Ohio St., 34, 80 N. E. (2d), 493; Kirsheman v. Paulin, Exr. (1951), 155 Ohio St., 137, 98 N. E. (2d), 26; Howells, Admr., v. Limbeck (1961), 172 Ohio St., 297, 302, 303, 175 N. E. (2d), 517, 87 A. L. R. (2d), 1269. This has probably encouraged a tendency not to regard the statutory designation of an heir as a recognition of the designee “as an adopted child”; and it has probably caused the action of the Tax Commissioner in this proceeding.
However, the words, “recognized by the decedent as an adopted child and designated by such decedent as an heir under a statute of this * * * state,” now in Section 5731.09, Revised Code, have been in our statutes for most of the time since 1894. In our opinion, they were and have until fairly recently always been considered as referring to one designated as an heir under the statute which is now Section 2105.15, Revised Code, whether or not anything besides such designation was done by the designator to recognize the designee as an adopted child.

Judgment affirmed.

Zimmerman, Matthias, O ’Neill, Griffith, Herbert and Gibson, JJ., concur.