HERBERT et al., Appellants,

v.

BANC ONE BROKERAGE CORPORATION et al., Appellees.

[Cite as *Herbert v. Banc One Brokerage Corp.* (1994), 93 Ohio App.3d 271.]

Court of Appeals of Ohio,
Hamilton County.

No. C–930161.

Decided Feb. 23, 1994.

*Arnzen, Parry & Wentz, P.S.C., Ron Parry* and *Troy W. Skeens, Jr.,* for appellants.

*Porter, Wright, Morris & Arthur, Robert W. Trafford* and *Jerome J. Metz, Jr.,* for appellees.

HILDEBRANDT, Presiding Judge.

Plaintiffs-appellants Nancy Herbert, Frank M. Hain and Norma Mueller ("appellants") appeal from the judgment of the Hamilton County Court of Common Pleas dismissing their first amended class-action complaint pursuant to Civ.R. 12(B)(6). For the reasons that follow, we affirm the trial court's judgment.[1]

The record discloses that on September 25, 1992, appellants filed their class-action complaint against appellees Banc One Brokerage Corporation, now known as Banc One Securities Corporation ("Brokerage"), and Bank One, Milford, N.A., now known as Bank One, Cincinnati, N.A. ("Bank"). Appellants filed an amended complaint on December 4, 1992. A review of the complaint reveals the facts as alleged by appellants. Appellants were customers of the Bank. In 1987, and prior thereto, a business relationship between Bank and Brokerage was formed whereby Brokerage rented space in one of the Bank's offices. Brokerage employed Randall Clark ("Clark"), a securities salesperson. Bank's employees referred depositors to Clark, who sold investment securities, life insurance and annuities to customers of the Bank, including appellants. The Bank made certain financial information about its customers available to Clark without their consent. The Bank did not disclose to its customers that Clark was not its employee.

While employed by Brokerage, Clark developed a relationship with Harry E. Fleischhauer ("Fleischhauer"), who was engaged in a scheme to sell unregistered and worthless securities to investors. In mid–1987, Clark began referring investors to Fleischhauer. On October 1, 1987, Clark left Brokerage's employ and became employed by Fleischhauer selling worthless securities to appellants, among others. Clark used the customer lists given to him by the Bank to solicit investors for Fleischhauer's worthless securities. Clark solicited the Bank's depositors through letters which some customers brought to the attention of

---

1. The court has *sua sponte* removed this cause from the accelerated calendar and placed it on the court's regular calendar.

appellees. Appellees did nothing to warn their customers about the bad investments. Appellants lost the funds they invested in Fleischhauer's securities.

Appellants alleged that appellees negligently failed to train and supervise Clark, and that this constituted a breach of the fiduciary duty between appellants and appellees. Further, appellants alleged that appellees were negligent and breached a fiduciary duty to appellants by failing to protect appellants from and failing to notify appellants of the fraudulent securities sales occurring after October 1, 1987, of which appellees knew or should have known.

■ Appellants advance two assignments of error in this timely appeal. In their first assignment of error, appellants allege that the trial court erred by granting appellees' motion to dismiss their first amended complaint on the ground that it was barred by the statute of limitations. We are unpersuaded.

Appellants concede that the applicable statute of limitations is set forth in R.C. 2305.09, which provides:

"An action for any of the following causes shall be brought within four years after the cause thereof accrued:

"(A) For trespassing upon real property;

"(B) For the recovery of personal property, or for taking or detaining it;

"(C) For relief on the ground of fraud;

"(D) For an injury to the rights of the plaintiff not arising on contract nor enumerated in sections 2305.10 to 2305.12, inclusive, 2305.14 and 1304.29 of the Revised Code.

"If the action is for trespassing under ground or injury to mines, or for the wrongful taking of personal property, the causes thereof shall not accrue until the wrongdoer is discovered; nor, if it is for fraud, until the fraud is discovered."

Appellants' original complaint was filed on September 25, 1992. As alleged in appellants' first amended complaint, Clark terminated his employment with Brokerage on October 1, 1987. Appellants further alleged that appellees were negligent by failing to train and supervise Clark; and that appellees' failure constituted a breach of the fiduciary relationship between appellees and appellants. Appellants also claimed that the Bank breached its fiduciary duty to appellants by divulging their financial information to Clark. Appellants maintain, in support of their first assignment of error, that the "discovery rule" tolls the running of the statute of limitations.

In *Investors REIT One v. Jacobs* (1989), 46 Ohio St.3d 176, 181–182, 546 N.E.2d 206, 211, the court explained:

"The discovery rules adopted by this court and by the General Assembly for bodily injury claims brought under R.C. 2305.10, and the discovery rules determined in *Oliver* [*v. Kaiser Community Health Found.* (1983), 5 Ohio St.3d 111, 5 OBR 247, 449 N.E.2d 438], *supra,* and *Skidmore* [ *& Hall v. Rottman* (1983), 5 Ohio St.3d 210, 5 OBR 453, 450 N.E.2d 684], *supra,* for medical and attorney malpractice claims arising under R.C. 2305.11(A), are not available to negligence claims brought under R.C. 2305.09(D).   However, R.C. 2305.09(D) expressly includes its own limited discovery rule:

" 'If the action is for trespassing under ground or injury to mines, or for the wrongful taking of personal property, the causes thereof shall not accrue until the wrongdoer is discovered;  nor, if it is for fraud, until the fraud is discovered.'

"While expressly providing a discovery rule for certain actions arising under R.C. 2305.09, no such rule was extended to general negligence claims.   The General Assembly's failure to include general negligence claims under the discovery rule set out in R.C. 2305.09 argues strongly that it was not the legislature's intent to apply the discovery rule to such claims.   See *Kirsheman v. Paulin* (1951), 155 Ohio St. 137, 146, 44 O.O. 134, 139, 98 N.E.2d 26, 31 (explaining the statutory significance of the Latin phrase *expressio unius est exclusio alterius* ).   The legislature's express inclusion of a discovery rule for certain torts arising under R.C. 2305.09, including fraud and conversion, implies the exclusion of other torts arising under the statute, including negligence.   See *id.*

"In *Squire v. Guardian Trust Co.* (1947), 79 Ohio App. 371, 35 O.O. 144, 72 N.E.2d 137, the Court of Appeals for Cuyahoga County considered the availability of a discovery rule on multiple claims against directors of a bank for money losses suffered by the bank.   The trial court found the claims sounding in negligence but distinct from any claims of fraud to be time-barred by the four-year statute of limitations of G.C. 11224 (presently encoded as R.C. 2305.09). The trial court further found that the running of the statute of limitations was not tolled by the alleged concealment of the claimed negligence.

"In a statement of what is still good law, the reviewing court in *Squire, supra,* explained:

" 'In some states applicable statutes of limitations are by express provision therein tolled until the discovery of the wrong.   * * * [Citation omitted.]   In our own state, the statute is tolled in like manner in cases of fraud and certain trespasses.   (Section 11224, General Code [R.C. 2305.09].)

" 'If the Legislature had deemed it expedient it could have so provided, either generally as to cases of concealed torts, or in the banking act as to wrongful acts

of officers and directors. It has not done so, and the relief if it is extended should be furnished by legislative act, not by judicial legislation.

" ' * * *

" 'No exception has been provided covering mere concealment as distinguished from direct and specific allegations of fact showing fraud.' "

Pursuant to *Investors REIT One v. Jacobs, supra,* the discovery rule does not apply to appellants' allegations of negligence and breach of fiduciary duty which fall outside the express discovery rule in R.C. 2305.09(D). Appellants' first assignment of error is overruled.

For their second assignment of error, appellants maintain that the trial court erred by granting appellees' motion to dismiss the first amended complaint pursuant to Civ.R. 12(B)(6) for failure to state a claim upon which relief could be granted. Appellants contend that appellees breached a fiduciary duty by failing to warn appellants that Clark was selling Fleischhauer's worthless securities after Clark left Brokerage's employ.

In *Anderson v. Olmsted Util. Equip., Inc.* (1991), 60 Ohio St.3d 124, 130–131, 573 N.E.2d 626, 632, the Ohio Supreme Court stated:

"In reviewing the dismissal of Olmsted's complaint pursuant to Civ.R. 12(B)(6), we must, as a matter of law, accept all the allegations in the complaint as true. *Mitchell v. Lawson Milk Co.* (1988), 40 Ohio St.3d 190, 192, 532 N.E.2d 753, 756. Moreover, '[i]n order for a court to dismiss a complaint for failure to state a claim upon which relief can be granted * * *, it must appear beyond doubt from the complaint that the plaintiff can prove no set of facts entitling him to recovery. * * *' *O'Brien v. University Community Tenants Union* (1975), 42 Ohio St.2d 242, 71 O.O.2d 223, 327 N.E.2d 753, syllabus."

In *Blon v. Bank One, Akron, N.A.* (1988), 35 Ohio St.3d 98, 519 N.E.2d 363, a borrower sued the bank alleging common-law misrepresentation and fraud concerning the payment of a finder's fee by the bank to the automobile agency from whom the plaintiff purchased an automobile for arranging an automobile loan. The court observed that " * * * the relationship of debtor and creditor, without more, is not a fiduciary relationship, * * * and, more specifically, that a bank and its customers stand at arm's length in negotiating terms and conditions of a loan * * * [citations omitted]." *Id.* at 101, 519 N.E.2d at 367–368. The relationship between the Bank and its customers was that of debtor-creditor and not that of a fiduciary. See *Goralsky v. Taylor* (1991), 59 Ohio St.3d 197, 571 N.E.2d 720; *Umbaugh Pole Bldg. Co. v. Scott* (1979), 58 Ohio St.2d 282, 12 O.O.3d 279, 390 N.E.2d 320.

Brokerage argues that its status as a broker did not create a fiduciary relationship with appellants which required it to protect appellants from transactions with Clark after he began working for Fleischhauer.

In *Strock v. Pressnell* (1988), 38 Ohio St.3d 207, 216, 527 N.E.2d 1235, 1243, the court stated:

"A 'fiduciary' has been defined as ' "a person having a duty, created by his undertaking, to act *primarily for the benefit of another* in matters connected with his undertaking." ' (Emphasis *sic.*) *Haluka v. Baker* (1941), 66 Ohio App. 308, 312, 20 O.O. 136, 138, 34 N.E.2d 68, 70."

In *Fed. Steel & Wire v. Ruhlin Constr. Co.* (1989), 45 Ohio St.3d 171, 173–174, 543 N.E.2d 769, 773, the court commented:

"It is fundamental that in order to establish actionable negligence, one must show the existence of a duty, a breach of the duty, and an injury proximately resulting therefrom. *Menifee v. Ohio Welding Products, Inc.* (1984), 15 Ohio St.3d 75, 77, 15 OBR 179, 180, 472 N.E.2d 707, 710; *Di Gildo v. Caponi* (1969), 18 Ohio St.2d 125, 47 O.O.2d 282, 247 N.E.2d 732; *Feldman v. Howard* (1967), 10 Ohio St.2d 189, 39 O.O.2d 228, 226 N.E.2d 564. Ordinarily, there is no duty to control the conduct of a third person by preventing him or her from causing harm to another, except in cases where there exists a special relationship between the actor and the third person which gives rise to a duty to control, or between the actor and another which gives the other the right to protection. [fn. 1] See *Littleton v. Good Samaritan Hospital & Health Center* (1988), 39 Ohio St.3d 86, 92, 529 N.E.2d 449, 455; *Gelbman v. Second Natl. Bank of Warren* (1984), 9 Ohio St.3d 77, 78, 9 OBR 280, 281, 458 N.E.2d 1262, 1263; *Cleveland, Cincinnati, Chicago & St. Louis Ry. Co. v. Potter* (1925), 113 Ohio St. 591, 150 N.E. 44; Restatement of the Law 2d, Torts (1965) 122, Section 315. Thus, liability in negligence will not lie in the absence of a special duty owed by a particular defendant. *Hill v. Sonitrol of Southwestern Ohio, Inc.* (1988), 36 Ohio St.3d 36, 38, 521 N.E.2d 780, 782; *Gelbman, supra;* see, also, *Feldman v. Howard, supra* [10 Ohio St.2d], at 193, 39 O.O.2d at 230, 226 N.E.2d at 567; *Kauffman v. First-Central Trust Co.* (1949), 151 Ohio St. 298, 306, 39 O.O. 137, 141, 85 N.E.2d 796, 800; *Baier v. Cleveland Ry. Co.* (1937), 132 Ohio St. 388, 391, 8 O.O. 208, 209, 8 N.E.2d 1, 2."

In a footnote to the *Federal Steel* decision the court discussed the duty of a business to protect third parties from the actions of others, stating:

"In *Gelbman v. Second Natl. Bank of Warren* (1984), 9 Ohio St.3d 77, 79, 9 OBR 280, 281–282, 458 N.E.2d 1262, 1263–1264, the court addressed the issue of the duty of a business to protect third parties from the actions of others and

adopted Section 315 of the Restatement of the Law 2d, Torts (1965) 122. Section 315 states:

" 'There is no duty so to control the conduct of a third person as to prevent him from causing physical harm to another unless (a) a special relation exists between the actor and the third person which imposes a duty upon the actor to control the third person's conduct, or (b) a special relation exists between the actor and the other which gives to the other a right to protection.'

"The special relationships which may give rise to a duty to control the conduct of another person may be between the defendant and either the person whose conduct needs to be controlled or the injured plaintiff, the foreseeable victim. See *Menifee v. Ohio Welding Products, Inc.* (1984), 15 Ohio St.3d 75, 77, 15 OBR 179, 180, 472 N.E.2d 707, 710; *Megeff v. Doland* [ (1981) ], 123 Cal.App.3d 251, 176 Cal.Rptr. 467; *Lamb v. Hopkins* (1985), 303 Md. 236, 492 A.2d 1297; see, also, 1 Lee & Lindahl, Modern Tort Law, Liability & Litigation (Rev.1988) 43, Section 3.10." *Id.,* 45 Ohio St.3d at 173, 543 N.E.2d at 772.

In *Hill v. Sonitrol of Southwestern Ohio, Inc.* (1988), 36 Ohio St.3d 36, 39–40, 521 N.E.2d 780, 784, the court discussed *Gelbman, supra,* stating:

"Further support for our holding in this case can be found in *Gelbman, supra.* In that case, the court addressed the issue of the duty of a business to protect third parties from the actions of others. The court, in reaching the conclusion that absent a special relationship between the parties created by statute or judicial determination no duty exists, adopted Sections 314 and 315 of the Restatement of the Law 2d, Torts (1965), 116, 122. Section 314 states:

" 'The fact that the actor realizes or should realize that action on his part is necessary for another's aid or protection does not of itself impose upon him a duty to take such action.'

"Section 315 states:

" 'There is no duty so to control the conduct of a third person as to prevent him from causing physical harm to another unless

" '(a) a special relation exists between the actor and the third person which imposes a duty upon the actor to control the third person's conduct, or

" '(b) a special relation exists between the actor and the other which gives to the other a right to protection.'

"There is no statutory duty on Sonitrol's part to protect Mrs. Hill, and the contract between Mrs. Hill's employer and Sonitrol did not impose such a duty. Even if Sonitrol had realized or should have realized that action was necessary to protect Mrs. Hill, under Section 314, it had no duty to do so. We therefore affirm the judgment of the court of appeals on the issue of duty, holding that,

where a security alarm system company contracts to provide security services for the protection of a commercial establishment upon notification by an employee that the commercial establishment is closed for the day and after the alarm system has been activated, the security company cannot reasonably anticipate or contemplate that it has a duty to protect an employee of the commercial establishment and therefore owes no duty of protection to the employee."

The above authority is dispositive of appellants' second assignment of error. A principal is not liable for the acts of its agent unless done while engaged in duties within the scope of his employment. *Parmelee v. 34 S. State St., Inc.* (Sept. 17, 1993), Lake App. No. 92-L-173, unreported, 1993 WL 407308; see *Lima Ry. Co. v. Little* (1902), 67 Ohio St. 91, 65 N.E. 861. Brokerage owed no duty to appellants to protect them as to transactions with Clark following his departure from Brokerage. The assignment of error is overruled and the judgment of the court of common pleas is affirmed.

*Judgment affirmed.*

KLUSMEIER and GORMAN, JJ., concur.