**KENSINGTON LAND COMPANY**

v.

**ZELNICK** ▌

Court of Common Pleas of Ohio,
Miami County.

No. 96–456.

Decided Sept. 8, 1997.

*Faruki, Gilliam & Ireland, P.L.L., Paul G. Hallinan* and *Charles J. Faruki; Faulkner, Garmhausen, Keister & Shenk, Michael A. Staudt* and *Daniel . J. Gentry,* for plaintiff.

*Timothy J. FitzGerald,* for defendant.

---

JEFFREY M. WELBAUM, Judge.

This matter came on for the court's consideration upon defendant Peter Zelnick's motion to dismiss under Civ.R. 12(B)(6) filed July 21, 1997. Plaintiff Kensington Land Company responded by filing a memorandum in opposition to defendant's motion to dismiss on August 18, 1997. Defendant filed his reply on September 2, 1997.

The defendant moved for dismissal of all of plaintiff's claims for failure to state a claim upon which relief can be granted. Plaintiff alleges in its complaint that it should be entitled to damages based upon the tort of abuse of process based on three distinct processes. Two of the three processes allegedly abused by Zelnick related to his activity concerning two referenda challenging actions by the city of

Troy. The first of the two alleged referenda challenged the action of the Troy City Council taken on June 17, 1996, which approved a planned unit development proposed by plaintiff. The election on this referendum passed, thereby overturning the approval of the development. The second process allegedly abused is Zelnick's alleged initiation of a referendum challenging the city of Troy's approval of plaintiff's development of a portion of the same tract of land that was subject to the first referendum. The third process allegedly abused by Zelnick concerns his filing of an administrative appeal to this court challenging the city council's approval of the portion of the development that was also the subject of the second referendum. Plaintiff also seeks damages for such activity, claiming that it constitutes wrongful interference with plaintiff's business relationships.

When resolving a motion to dismiss, a trial court is confined to the averments set forth in the complaint and may not consider evidentiary materials. *State ex rel. Baran v. Fuerst* (1990), 55 Ohio St.3d 94, 97, 563 N.E.2d 713, 716–717. All factual allegations of the complaint must be taken as true, and all reasonable inferences must be drawn and liberally construed in favor of the nonmoving party. *State ex rel. Martines v. Cleveland City School Dist. Bd. of Edn.* (1994), 70 Ohio St.3d 416, 639 N.E.2d 80; *Mitchell v. Lawson Milk Co.* (1988), 40 Ohio St.3d, 190, 192, 532 N.E.2d 753, 755–756; Civ.R. 8(F). A complaint may be dismissed by the trial court only when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Perez v. Cleveland* (1993), 66 Ohio St.3d 397, 399, 613 N.E.2d 199, 200–201; *York v. Ohio State Hwy. Patrol* (1991), 60 Ohio St.3d 143, 573 N.E.2d 1063; *Conley v. Gibson* (1957), 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80.

 As these cases illustrate, motions to dismiss are usually overruled because the law does not favor them. "Because it is so easy for the pleader to satisfy the standard of Civ.R. 8(A), few complaints are subject to dismissal." *Leichtman v. WLW Jacor Communications, Inc.* (1994), 92 Ohio App.3d 232, 634 N.E.2d 697. Civ.R. 12(B)(6) does not require plaintiffs to try their cases at this stage in the litigation. The only purpose of Civ.R. 8(A) is to give the parties notice of the allegations. Consequently, a movant bears an enormous burden in order to be entitled to a dismissal of a complaint at the pleading stage of litigation. *Herbert v. Banc One Brokerage Corp.* (1994), 93 Ohio App.3d 271, 275, 638 N.E.2d 161, 164.

The defendant's motion to dismiss is based on a legal proposition that a claim for abuse of process is not properly pled where the process alleged does not involve the filing of a lawsuit or the use of the courts. He contends that all three components of plaintiff's first claim do not satisfy the elements of the tort of "abuse of process" as defined by the Ohio Supreme Court because no component involves allegations that involve abuse of judicial process. He further contends

that the viability of plaintiff's second claim for wrongful interference with a business relationship is dependent upon the validity of the first claim and is therefore deficient as a matter of law.

 The Ohio Supreme Court recognized the tort of "abuse of process" in *Yaklevich v. Kemp, Schaeffer & Rowe Co.,* (1994), 68 Ohio St.3d 294, 626 N.E.2d 115. At 298, 626 N.E.2d at 118, the court stated:

"We hold that the three elements of the tort of abuse of process are: (1) that *legal proceeding* has been set in motion in proper form and with probable cause; (2) that the proceeding has been perverted to attempt to accomplish an ulterior motive for which it was not designed; and (3) that direct damage has resulted from the wrongful use of process." (Emphasis added and footnote omitted.)

In *Robb v. Chagrin Lagoons Yacht Club, Inc.* (1996), 75 Ohio St.3d 264, 662 N.E.2d 9, the Ohio Supreme Court followed its precedent set forth in *Yaklevich, supra.* The court stated at 271, 662 N.E.2d at 14:

"In an abuse of process case, 'the improper purpose usually takes the form of coercion to obtain collateral advantage, not properly involved in the proceeding itself, such as the surrender of property or the payment of money, by the use of the process as a threat or a club.' Prosser & Keeton on Torts (5 Ed.1984) 898, Section 121. Simply, abuse of process occurs where someone attempts to achieve through the use of *the court* that which the court is powerless to order." (Emphasis added.)

These cases, and all other cases known by the parties and the court which follow them, involved abuses alleged to have occurred from litigation before courts. Therefore, up to now, no court in Ohio has had occasion to specifically address whether the term "legal proceeding" as used in the elements of the tort of abuse of process would include alleged abuses relating to nonjudicial proceedings.

 The court finds that the term "legal proceeding" as used to define the tort of abuse of process is confined to those proceedings where the judicial process is involved. The court reaches this conclusion for several reasons. First, the court looks to the language in *Robb, supra,* referred to above where the Supreme Court stated: "Simply, abuse of process occurs where someone attempts to achieve through the use of the court that which the court is powerless to order." In *Robb, supra,* 75 Ohio St.3d at 271, 662 N.E.2d at 14, the Ohio Supreme Court quoted Prosser & Keeton on Torts, *supra,* from the section that explains the tort of abuse of process. The unquoted portion of that section at 898 states: "But it is clear that the judicial process must be involved." Citing *Studley v. Lefrak* (1977), 41 N.Y.2d 881, 393 N.Y.S.2d 980, 362 N.E.2d 611. *Studley v. Lefrak, supra,* cites the Wisconsin Supreme Court decision of *Griem v.*

*Fid. & Cas. Co.* (1898), 99 Wis. 530, 75 N.W. 67. When construing the terms of an insurance contract, the court in *Griem* concluded that the phrase "legal proceedings shall be begun" within a certain time to be satisfied by "nothing short" of the commencement of suit in a court to enforce a claim.

General legal reference books are consistent with the Supreme Court's usage of the term. The term "legal proceeding" has been defined as follows:

"In the broad sense, any action or special proceeding in court. In a narrower sense, an action or special proceeding at law rather than in equity." Ballentine's Law Dictionary (3 Ed.1969).

Black's Law Dictionary provides a similar meaning:

"Term includes all proceedings authorized by or sanctioned by law, and brought or instituted in a court or legal tribunal, for the requiring of a right or the enforcement of a remedy." Black's Law Dictionary (5 Ed.1979).

It is consistent with the foregoing authorities that the terms "referendum" and "legal proceeding" have been treated as separate and distinct in meaning. For example, in *Mem. Hosps. Assn. v. Randol* (1995), 38 Cal.App.4th 1300, 45 Cal.Rptr.2d 547, the court stated that an action appealing a board of supervisors could be made in a legal proceeding but not in a referendum.

■ Likewise, the term "process" in the title of the tort of abuse of process does not connote a meaning broader than that associated with court proceedings. The term "process" has been defined as "[i]n a broad sense, all of the acts of the court from the beginning to the end of an action or proceeding." Ballentine's Law Dictionary, *supra*. Accordingly, the court cannot conclude that use of this term by the Supreme Court has any meaning beyond that involved with court-related activity.

Absent express expansion of the tort by a higher court, the terminology used by the Ohio Supreme court restricts abuse-of-process claims to matters involving a judicial process. Therefore, the defendant's motion to dismiss is hereby granted as to plaintiff's claim relating to abuse of process concerning referenda-related activity.

As explained above, it is not possible at this procedural juncture for the court to make determinations whether the activities of the defendant are protected under the First Amendment or whether there is merit to any other claim or defense. Resolution of these matters requires a judicial scalpel rather than the Civ.R. 12(B)(6) cleaver. As a result of the procedural restrictions outlined above, the determination of the remaining issues will require consideration of evidentiary matters beyond those set forth in the pleadings.

The defendant failed to satisfy the heavy burden to succeed under Ohio Civ.R. 12(B)(6) on the remaining claims. Accordingly, the defendant's motion to dismiss is overruled as to plaintiff's claims relating to abuse of judicial process contained in the first claim for relief and plaintiff's second claim for relief.

It is so ordered.

*Judgment accordingly.*