GRANT THORNTON, F.K.A. ALEXANDER GRANT & COMPANY, APPELLANT, *v.* WINDSOR HOUSE, INC., APPELLEE.

[Cite as Grant Thornton *v.* Windsor House, Inc. (1991), 57 Ohio St. 3d 158.]

(No. 89-2127—Submitted December 11, 1990—Decided February 13, 1991.)

---

[1] Grant's report to ODPW read in relevant part:

"The accounting records of the Provider were not in an adequate condition to support the costs claimed for reimbursement in the Cost Reports filed for the six-month periods ended June 30, 1975 and December 31, 1975. Nor was it practicable to extend our auditing procedures in order to satisfy ourselves that such costs were allowable (necessary and reasonable for patient care).

"Because of the significance of the matter discussed in the preceding paragraph, the scope of our work was not sufficient to enable us to express, and we do not express, an opinion on the accompanying Schedule of Reimbursable Costs for the six-month periods ended June 30, 1975 and December 31, 1975."

*Roberts & Roberts Co., L.P.A., James E. Roberts, Cohen & Grigsby* and *Richard R. Nelson II,* for appellant.

*Fleck, Mostov & Schwartz, Jeffrey B. Fleck* and *Mary DeGenaro,* for appellee.

*Squire, Sanders & Dempsey, David J. Young* and *Kim L. Swanson,* urging reversal for *amicus curiae,* Ohio Society of Certified Public Accountants.

WRIGHT, J. This case presents two questions for review: whether this court intends to stand by our 1989 decision in *Investors REIT One* v. *Jacobs,* 46 Ohio St. 3d 176, 546 N.E. 2d 206, and whether a care provider participating in the Medicaid reimbursement program is an intended third-party beneficiary of a private auditor's contract with the ODPW to audit the provider. We answer in the affirmative to the first question and in the negative to the second. Consequently, we reverse the decision of the court of appeals.

I

Our decision in *Investors* governs Windsor's negligence and malpractice claims. Neither party disputes the applicability of *Investors* to the facts of this case; however, Windsor argues first that *Investors* is bad law and thus we should reverse it, or, in the alternative, that *Investors* alters vested substantive rights and thus we may not apply it retroactively to Windsor's cause of action. We choose not to reverse *Investors,* and further, we hold that *Investors* poses no retroactivity problem.

In *Investors,* we held that the four-year statute of limitations in R.C. 2305.09[2] applied to accountant negligence actions and that Ohio has no discovery rule to delay the running of the statute of limitations in accountant negligence actions. Paragraph one of the syllabus held that:

"Claims of accountant negligence are governed by the four-year statute of limitations for general negligence claims found in R.C. 2305.09(D), not by the two-year period for bodily injury or injury to personal property set forth in R.C. 2305.10, or by the one-year limitations period for professional malpractice claims in R.C. 2305.11(A)."

Part (a) of paragraph two of the syllabus held that:

"The discovery rule is not available to claims of professional negligence brought against accountants."

R.C. Chapter 2305 dictated the result in *Investors.* That same chapter dictates the same result today.

In the alternative, Windsor argues that *Investors* alters existing legal rights by shortening the statute of limitations for accountant negligence actions and, therefore, pursuant to Section 28, Article II of the Ohio Con-

---

[2] R.C. 2305.09 reads:

"An action for any of the following causes shall be brought within four years after the cause thereof accrued:

"(A) For trespassing upon real property;

"(B) For the recovery of personal property, or for taking or detaining it;

"(C) For relief on the ground of fraud;

"(D) For an injury to the rights of the plaintiff not arising on contract nor enumerated in sections 2305.10 to 2305.12, inclusive, 2305.14 and 1304.29 of the Revised Code.

"If the action is for trespassing under ground or injury to mines, or for the wrongful taking of personal property, the causes thereof shall not accrue until the wrongdoer is discovered; nor, if it is for fraud, until the fraud is discovered."

stitution, we may not apply *Investors* retroactively to Windsor's claims. See *Adams* v. *Sherk* (1983), 4 Ohio St. 3d 37, 4 OBR 82, 446 N.E. 2d 165. This argument must fail. *Investors* did not create new law, it merely interpreted the law as it then stood. Consequently, *Investors* guides us to the conclusion that Windsor's negligence and malpractice claims were not brought within the statute of limitations and therefore the trial court properly entered judgment in favor of Grant on those claims.

## II

We now turn to the contract claim. Only a party to a contract or an intended third-party beneficiary of a contract may bring an action on a contract in Ohio. *Visintine & Co.* v. *New York, Chicago, & St. Louis RR. Co.* (1959), 169 Ohio St. 505, 9 O.O. 2d 4, 160 N.E. 2d 311. Windsor asserts that it was an intended third-party beneficiary of the contract and that the parties to the contract — the ODPW and Grant — intended for Windsor to benefit from the contract. However, this is not the case.

Grant's duty under its contract with the ODPW was intended only to benefit the ODPW. The audit of Windsor was intended solely for the ODPW's use in assessing Windsor's dealings under the state's Medicaid plan. While Windsor arguably stood to benefit from a favorable result in the audit, it just as easily could have been, and here was, harmed by a negative result. The purpose of the audit was to search for overpayments to care providers. Any potential benefit to Windsor was merely incidental to the contract and therefore insufficient to support a breach of contract cause of action. *Visintine & Co., supra,* at 507, 9 O.O. 2d at 5, 160 N.E. 2d at 313. Accordingly, we hold that a care provider subject to an audit of reimbursable costs under the Medicaid program is not an intended third-party beneficiary of the audit contract between the Ohio Department of Public Welfare and the auditor. The trial court thus properly dismissed Windsor's contract claim.

## III

The trial court also entered summary judgment against Windsor on count four, the fraud claim. The court of appeals reversed the trial court on this claim as well. In this appeal from the judgment of the court of appeals, Grant has failed to brief whether judgment was properly entered on the fraud claim, and thus has waived review of this question. Nevertheless, we note that R.C. 2305.09(D) specifically provides a discovery rule for actions based on fraud and, therefore, summary judgment was not properly entered against Windsor on its fraud claim. *Investors, supra,* at paragraph 2b of the syllabus.

Accordingly, we reverse the judgment of the court of appeals and reinstate summary judgment in favor of Grant on counts one, two, and three of Windsor's counterclaim.

*Judgment reversed.*

MOYER, C.J., HOLMES, H. BROWN and RESNICK, JJ., concur.

SWEENEY and DOUGLAS, JJ., dissent.

SWEENEY, J., dissenting. For the reasons stated in my concurring and dissenting opinion in *Investors REIT One* v. *Jacobs* (1989), 46 Ohio St. 3d 176, 183, 546 N.E. 2d 206, 221, I would affirm the decision of the court of appeals below.

DOUGLAS, J., concurs in the foregoing dissenting opinion.