FRITZ et al., Appellants,

v.

BRUNER COX, L.L.P., et al., Appellees.

[Cite as *Fritz v. Bruner Cox, L.L.P.* (2001), 142 Ohio App.3d 664.]

Court of Appeals of Ohio,
Fifth District, Stark County.

No. 2000CA00362.

Decided May 21, 2001.

*James M. McHugh,* for appellants.

*Richard G. Witkowski,* for appellees.

---

EDWARDS, Presiding Judge.

Plaintiffs-appellants Mark C. Fritz and MCF Machine Co., Inc. appeal from the November 22, 2000 judgment entry of the Stark County Court of Common Pleas.

Appellant Mark C. Fritz is the president and owner of appellant MCF Machine Co., Inc. ("MCF") as well as several other business entities. Appellants retained appellee Bruner Cox, L.L.P., a certified public accounting firm, to provide professional accounting and tax planning services. Appellee John C. Finnucan is appellee Bruner Cox's managing partner.

As part of their professional accounting services, appellees filed appellants' 1994 federal tax returns on September 14, 1995, appellants' 1995 federal tax returns on September 6, 1996, and appellants' 1996 federal tax returns on September 15, 1997. Appellees also filed appellants' federal tax returns for 1997 and 1998.

Pursuant to a letter dated March 7, 1997, from the Internal Revenue Service,[1] appellants were advised that the 1994 federal tax return for MCF had been assigned for examination and audit. As a result, the Internal Revenue Service made an initial determination and assessment against appellants on August 13, 1998 in the amount of $236,803 in total tax and penalties net of additional interest due on the assessed tax and penalties. After negotiations between appellants, through counsel, and the Internal Revenue Service, the amount was reduced in December 1999 to $82,098.22 including interest.

Thereafter, on or about January 3, 2000, appellants terminated appellees' representation as appellants' certified public accountants.

On March 24, 2000, appellants filed a complaint for negligence and breach of fiduciary duty against appellees, to which appellees, with leave of court, filed an answer on May 31, 2000. Appellants, in their complaint, specifically alleged that appellees had committed accountant malpractice by negligently preparing appellant MCF's 1994 federal income tax return.

Subsequently, appellees filed a motion for summary judgment on September 22, 2000, arguing that appellants' claim for accountant negligence was barred by the four-year statute of limitations set forth in R.C. 2305.09(D). A brief in opposition to appellees' motion was filed by appellants on November 8, 2000.

As memorialized in a judgment entry filed on November 22, 2000, the trial court granted appellees' motion for summary judgment, holding that appellants' cause of action for accountant negligence was barred by the four-year statute of limitations contained in R.C. 2305.09. The trial court, in its entry, indicated that its order was a final appealable order and that there was "no just cause for delay."

It is from the trial court's November 22, 2000 judgment entry that appellants now prosecute their appeal, raising the following assignment of error:

"The trial court erred as a matter of law by granting the motion for summary judgment of the defendants/appellees."

Appellants, in their sole assignment of error, argue that the trial court erred in granting the motion for summary judgment filed by appellees. Appellants

---

1. The letter was addressed to MCF, Attn: Mark Fritz.

specifically contend that the trial court erred in holding that appellants' cause of action for accountant negligence was barred by the four-year statute of limitations contained in R.C. 2305.09(D).

An appellate court must conduct a *de novo* review of the trial court's ruling on a summary judgment motion. *Jones v. Shelly Co.* (1995), 106 Ohio App.3d 440, 666 N.E.2d 316. We must refer to Civ.R. 56, which provides:

"(C) Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor."

It is based on this standard that we review appellants' sole assignment of error.

■ As is stated above, at issue in the case *sub judice* is whether appellants' cause of action for accountant negligence was barred by the applicable statute of limitations. Claims of accountant negligence are governed by the four-year statute of limitations for general negligence claims set forth in R.C. 2305.09(D). *Investors REIT One v. Jacobs* (1989), 46 Ohio St.3d 176, 546 N.E.2d 206, paragraph one of the syllabus. The statute states:

"An action for any of the following causes shall be brought within four years after the cause thereof accrued:

"* * *

"(D) For an injury to the rights of the plaintiff not arising on contract nor enumerated in sections 2305.10 to 2305.12, 2305.14 and 1304.35 of the Revised Code."

■ Moreover, the "discovery rule" is not applicable to claims of professional negligence brought against accountants. *Id.* at paragraph two of the syllabus. Pursuant to that rule, a cause of action accrues, for statute of limitations purposes, at the time the plaintiff discovers, or, in the exercise of reasonable care, should have discovered, the injury. *Id.* at 179, 546 N.E.2d at 209. The Ohio Supreme Court, in *Grant Thornton v. Windsor House, Inc.* (1991), 57 Ohio St.3d 158, 566 N.E.2d 1220, reaffirmed its decision in *Investors REIT One.*

The trial court in this matter found that appellants' complaint against appellees for accountant negligence was barred by the four-year statute of limitations contained in R.C. 2305.09(D). The trial court, in so holding, noted that pursuant to *Investors REIT One*, the four-year statute of limitations period begins to run at the time the negligent act is committed. Since appellees completed work on appellants' 1994 tax return on September 14, 1995, the day the return was filed, the trial court apparently found that appellants' March 24, 2000 complaint in the case *sub judice* was barred by the four-year statute of limitations contained in R.C. 2305.09(D). We, however, do not concur.

At issue in this matter is when appellants' cause of action for accountant negligence against appellees accrued. "To establish actionable negligence, one must show in addition to the existence of a duty, a breach of that duty and injury resulting proximately therefrom." *Mussivand v. David* (1989), 45 Ohio St.3d 314, 318, 544 N.E.2d 265, 270. Appellants, citing the above general proposition that a cause of action does not accrue *until* a plaintiff suffers actual injury, argue that their cause of action for accountant negligence against appellees did not accrue until August 13, 1998, the date of the initial IRS assessment, since appellants did not suffer an actual injury until then. Pursuant to appellants' "delayed damages" theory, appellants' March 24, 2000 complaint was timely filed within four years after their claims against appellees accrued.

Neither the syllabus of *Investors REIT One* nor the syllabus of *Grant Thornton* specifically address the applicability of the "delayed-damages" theory advocated by appellants.[2] However, after considering *Investors REIT One*, the court in *Gray v. Estate of Barry* (1995), 101 Ohio App.3d 764, 656 N.E.2d 729, held as follows:

"Since there can be no negligence without injury, there can be no negligent conduct by which a cause accrues * * * until there is an injury to a legally protected interest. * * * *In the case of a negligently prepared tax return or a tax form negligently omitted from a return, there is no injury until the I.R.S. determines to levy a penalty assessment. Until that time, no claim upon which relief can be granted exists. Similarly, it is not until such a claim may be maintained that the time for any statute of limitation begins to run.*" (Emphasis added and footnote omitted.) *Id.* at 768–769, 656 N.E.2d at 731.

In essence, the court in *Gray* applied a delayed-damages theory in holding that the four-year statute of limitations set forth in R.C. 2305.09(D) for bringing an accountant negligence action based on negligent preparation of a tax return did not begin to run until the Internal Revenue Service assessed a penalty for

---

**2.** The court in *Fronczak v. Arthur Andersen, L.L.P.* (1997), 124 Ohio App.3d 240, 705 N.E.2d 1283, noted such fact.

negligent preparation. The court in *Gray* found that it was not until then that appellants suffered an "invasion of a legally protected interest". See *id.* at 768, 656 N.E.2d at 731, citing *Kunz v. Buckeye Union Ins. Co.* (1982), 1 Ohio St.3d 79, 1 OBR 117, 437 N.E.2d 1194.[3]

Based on the foregoing, we find that the trial court erred in holding that appellants' complaint against appellees for accountant negligence was barred by the four-year statute of limitations contained in R.C. 2305.09(D). We find that appellants' cause of action against appellees for accountant negligence did not accrue until appellants suffered actual damages. In the case *sub judice*, appellants did not suffer actual damages until August 13, 1998, the date the tax deficiencies were assessed. Since appellants' complaint was filed within four years of that date, we find that the trial court erred in holding that appellants' complaint against appellees for accountant negligence was untimely.

▰ We are cognizant of the fact that other courts, in interpreting and applying *Investors REIT One*, would find that appellants' complaint against appellees for accountant negligence was time-barred, since it was not filed within four years after the alleged negligent act was committed, which, in this case, was the filing of appellants' 1994 federal income tax return on September 14, 1995. However, that interpretation of *Investors REIT One* would lead to an illogical and inequitable result, namely, that appellants' claims against appellees would be time-barred *before* appellants' damages even manifested themselves. As Judge John F. Corrigan noted in his dissent in *Philpott v. Ernst & Whinney* (Nov. 25, 1992), Cuyahoga App. No. 61203, unreported, 1992 WL 357250[4]:

"I find plaintiff's claims for negligent tax return preparation to be timely pursuant to R.C. 2305.09, as this tort was not complete until tax deficiencies were subsequently assessed. Accordingly, I respectfully dissent.

"A statute of limitations is remedial in nature and is to be given a liberal construction in order to allow cases to be decided upon their merits. *Elliott v.*

---

**3.** In *Kunz*, the court held that a tort is ordinarily not complete until there has been an invasion of a legally protected interest of the plaintiff.

**4.** The *Philpott* case was cited by appellees for the proposition that the four-year statute of limitations for accountant negligence begins to run when the allegedly negligent acts were committed.

In *Philpott*, a client brought suit against his accountant for improper preparation of tax returns that later, following an audit, resulted in an IRS assessment. The appellants in *Philpott* argued that the cause of action for accountant negligence did not accrue until the IRS issued its deficiency assessments. The court, however, disagreed, holding that, pursuant to *Investors REIT One,* the four-year statute of limitations began to run when the allegedly negligent acts were committed—not when the IRS issued its deficiency assessment. The *Philpott* court found that the appellants' argument was an ineffective attempt to circumvent the four-year statute of limitations contained in R.C. 2305.09(D).

*Fosdick & Hilmer, Inc.* (1983), 9 Ohio App.3d 309, 313 [9 OBR 575, 579–580, 460 N.E.2d 257, 262–263]. ' "[E]very reasonable presumption will be indulged and every doubt will be resolved in favor of affording rather than denying a plaintiff his day in court." ' *Id.,* quoting *Draher v. Walters* (1935), 130 Ohio St. 92, 94 [3 O.O. 121, 122, 196 N.E. 884, 885]; see, also, *Rowe v. Bliss* (1980), 68 Ohio App.2d 247, 249 [22 O.O.3d 417, 419–419, 429 N.E.2d 450, 452].

"In determining when a cause of action 'arose,' and the statute of limitations begins to run, it is a general rule that a cause of action accrues at the time the wrongful act was committed. See *O'Stricker v. Jim Walter Corp.* (1983), 4 Ohio St.3d 84, 87 [4 OBR 335, 337–338, 447 N.E.2d 727, 729–730]; see, also, *Holsman Neon & Electric Sign Co. v. Kohn* (1986), 34 Ohio App.3d 53, 55 [516 N.E.2d 1284, 1286]. It has been noted, however, that in some instances, application of this general rule ' "would lead to the unconscionable result that the injured party's right to recovery can be barred by the statute of limitations before he is even aware of its existence." ' *O'Stricker v. Jim Walter Corp., supra* [at 87, 4 OBR at 337–338, 447 N.E.2d at 729–730, quoting *Wyler v. Tripi* (1971), 25 Ohio St.2d 164, 168, 54 O.O.2d 283, 285–286, 267 N.E.2d 419, 421]. Therefore, 'In such cases, a cause of action for damages does not arise until actual injury or damage ensues. See *Kunz v. Buckeye Union Ins. Co.* (1982), 1 Ohio St.3d 79 [1 OBR 117, 437 N.E.2d 1194] (cause of action against insurer for failure to obtain coverage accrued at date of loss); *Velotta v. Leo Petronzio Landscaping, Inc.* (1982), 69 Ohio St.2d 376 [23 O.O.3d 346, 433 N.E.2d 147], paragraph two of the syllabus ('actual injury' rule applied in action for negligence brought by vendee against builder-vendor of completed residence).' [*O'Stricker.*]

"That is, the tort is not deemed complete until there has been invasion of a legally protected interest of the plaintiff. See *Kunz v. Buckeye Union Ins. Co., supra; Sedar v. Knowlton Constr. Co.* (1990), 49 Ohio St.3d 193, 198 [551 N.E.2d 938, 943–944]; *Elliott v. Fosdick & Hilmer, Inc., supra.*"

In his dissent,[5] Judge Corrigan further noted that while, pursuant to *Investors REIT One,* the discovery rule was not applicable to accountant negligence claims, "this rule is not a 'discovery rule,' as it deals with the delayed occurrence of damages, not the discovery of injury."

Likewise, we find *Investors REIT One* distinguishable from the case *sub judice,* since the issue in this matter is when appellants' cause of action accrued, *not* the discovery of appellants' injury. In short, we find that appellants' complaint was not barred by the four-year statute of limitations set forth in R.C. 2305.09(D), since appellants' cause of action for accountant negligence did not accrue until appellants suffered damages on August 13, 1998.

---

5. The court in *Gray, supra,* stated that it agreed with the dissent in *Philpott.*

Based on the foregoing, appellants' sole assignment of error is sustained.

Accordingly, the judgment of the Stark County Court of Common Pleas is reversed. This matter is remanded to that court for further proceedings.

*Judgment reversed*
*and cause remanded.*

HOFFMAN and FARMER, JJ., concur.