OPINION
Plaintiffs-appellants, Fred and Renee James, appeal the decision of the Clermont County Court of Common Pleas granting one summary judgment in favor of defendants-appellees, Amos Greene, Paul A. Byrnside and Koopman-Sheckles Assoc. ("Koopman"), and a second summary judgment in favor of defendants-appellees, Re-Max Unlimited ("Re-Max"), Larry Hawk, Tri-Star Title Agency, Inc. ("Tri-Star"), Union Savings Bank ("Union"), and Zicka Homes, Inc. ("Zicka"). The trial court's decision is affirmed.
On October 27, 1992, appellants purchased a tract of land from Iva and Roy Partin. Iva and Roy Partin are now presumed deceased. The property was advertised as ten acres, and appellants believed it contained ten acres based upon the title search. The deed recorded by appellants describes the property as 10.087 acres. On December 7, 1997, appellants were informed that one acre of their property was actually owned by Zicka. On December 21, 1998, appellants quitclaimed the disputed acre to Zicka.
Appellants filed a complaint on October 7, 1999. Appellants claim they suffered damages as a result of the professional negligence of the surveyor-appellees, Greene, Byrnside and Koopman. Greene, Byrnside and Koopman moved for summary judgment asserting appellants' claims were barred by the statute of limitations. All remaining parties also filed motions for summary judgment.
On April 19, 2001, the trial court granted summary judgment in favor of Greene, Byrnside and Koopman, finding that appellants' claims were barred by the statute of limitations applicable to claims of professional negligence under R.C. 2305.09. On July 26, 2001, the trial court granted the motions of appellees Re-Max, Hawk, Tri-Star, Union, and Zicka for summary judgment. Appellants appeal the decisions raising two assignments of error:
Assignment of Error No. 1:
 THE TRIAL COURT ERRED AS A MATTER OF LAW IN GRANTING THE FIRST SUMMARY JUDGMENT ON THE GROUND THAT APPELLANT'S [SIC] SUIT WAS TIME BARRED BY THE FOUR YEAR STATUTE OF LIMITATIONS IN R.C. 2305.09(D).
An appellate court reviews a summary judgment on a de novo basis. SeeGrafton v. Ohio Edison Co. (1996), 77 Ohio St.3d 102, 105,1996-Ohio-336. Pursuant to Civ.R. 56(A) and (B), either party to a lawsuit can make a motion for summary judgment. A summary judgment is properly granted when: 1) there is no genuine issue as to any material fact, 2) the moving party is entitled to judgment as a matter of law, and 3) reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made. Harless v. Willis Day Warehousing Co. (1976), 54 Ohio St.2d 64,66.
Appellants argue that until there is an injury to a legally protected interest, no cause for negligence accrues. Appellants argue they had no reason to commence litigation until they knew the survey was conducted in a negligent manner. Therefore, appellants contend the trial court should have "considered when the cause of action accrued, not when appellants discovered the injury" and applied a "delayed damages" theory to this case in order to extend the limitation period.
R.C. 2305.09 provides a general limitation period for tort actions not specifically covered by other sections of the Ohio Revised Code. General claims of professional negligence which are outside the ambit of R.C.2305.10 and R.C. 2305.11 are governed by the four-year limitations period in R.C. 2305.09(D). Investors REIT One v. Jacobs (1989),46 Ohio St.3d 176, 179. The Supreme Court of Ohio has held that the discovery rule is inapplicable to a claim in professional negligence arising under R.C. 2305.09. Id. at 212. The delayed damages theory advanced by appellants has been rejected on the basis that it is "a distinction without a difference" of the discovery rule. Riedel v.Houser (1992), 79 Ohio App.3d 546, 549. See, also, Jim Brown Chevrolet,Inc. v. S.R. Snodgrass, A.C. (2001), 141 Ohio App.3d 583, 587-88; Haterv. Gradison Div. Of McDonald Co. (1995), 101 Ohio App.3d 99, 110-11.
Despite the case law supporting the decision in Investors REIT One
against applying a delayed damages theory to professional negligence cases, appellants argue Fritz v. Bruner Cox, L.L.P. (2001),142 Ohio App.3d 664, "confirms the impression that courts of this state continue to flee from the rule set forth in Investors REIT One." The court in Fritz determined a delayed damages theory was applicable to a R.C. 2305.09(D) professional negligence action for a negligently prepared tax return because there is no injury until the I.R.S. determines to levy a penalty assessment. Id. at 668. However, in this case, the injury occurred when the allegedly negligent surveys were completed. Therefore, the Fritz decision is not applicable to this case.
Appellants also maintain the decisions in NCR Corporation v. UnitedStates Mineral Products Company, 72 Ohio St.3d 269, 1995-Ohio-191, andHarris v. Liston, 86 Ohio St.3d 203, 1999-Ohio-159, demonstrate "that the Supreme Court of Ohio has backed away from the rationale expressed inInvestors REIT One." However, this assertion is misplaced when discussing professional negligence cases.
NCR and Harris deal with physical damage to real property, not professional negligence. The issue presented in NCR was when a cause of action accrues for asbestos-removal litigation, and the issue presented in Harris was when a cause of action accrues for damage to property caused by standing water. The court in NCR allowed the use of the discovery rule because when the negligent act is committed in a property damage case, a plaintiff may only have sustained a potential or contingent injury, and such a potential cause of action may not survive a motion to dismiss. NCR at 271. The decision in Harris relied upon the decision of NCR. Harris at 207. In this case there was no potential or contingent injury because any alleged injury occurred and was complete when the survey was finished. Furthermore, appellants could have discovered the injury any time after the survey was complete with a new survey. Therefore, NCR and Harris are not applicable to this professional negligence case.
Based on the case law, the use of the discovery rule or a "delayed damages" theory is not applicable to claims of professional negligence in a property damage case. Since the discovery rule or a "delayed damages" theory is not applicable to this case, appellants' claims of professional negligence commenced to run when the allegedly negligent surveys were completed, and not at the time appellants discovered the injury. Therefore, there are no genuine issues as to any material facts.
Greene, Byrnside and Koopman admit to surveying the property. Appellants accept the assertion that Greene surveyed the property in 1979, Byrnside in 1982, and Koopman in 1992. Since any alleged injury occurred when the surveys were concluded, reasonable minds can come to but one conclusion. That conclusion is that appellants' claims of professional negligence against Greene, Byrnside and Koopman are barred by the four-year statute of limitations under R.C. 2305.09(D). Greene, Byrnside and Koopman are entitled to judgment as a matter of law, therefore, the trial court did not err in granting the first summary judgment. Consequently, the first assignment of error is overruled.
Assignment of Error No. 2:
 THE TRIAL COURT ERRED AS A MATTER OF LAW IN GRANTING THE SECOND SUMMARY JUDGMENT.
Appellants argue the trial court should have considered the second summary judgment as a present title action rather than a quiet title action. However, appellants held a deed to ten acres of property, and Zicka claimed ownership to one acre of the ten. Where there are mutual adverse claims to title, a quiet title action is proper. Sellman v.Schaff (1971), 26 Ohio App.2d 35, 39. Appellants, nevertheless, did not seek to quiet title, but instead chose to voluntarily convey the acre to Zicka by quitclaim deed on December 21, 1998.
A quitclaim deed, if otherwise valid, is a recognized, effective and valid instrument of conveyance. Alston v. Alston (1964),4 Ohio App.2d 270, 276. The validity of the quitclaim deed in this case was never questioned. Therefore, reasonable minds can come to but one conclusion, and that conclusion is that Zicka now owns the once disputed acre and has present title and the right of possession. Therefore considering the second summary judgment as a present title action is unwarranted.
Appellants also argue no issue of adverse possession arose in this case because appellants never adversely possessed the property. However, any rights appellants had under an adverse possession theory, whatever those rights may have been, were relinquished when they quitclaimed the property to Zicka. Therefore, a discussion of whether appellants adversely possessed the property is likewise unwarranted.
Appellants argue nothing in Sellman requires them to file a quiet title action as a predicate to being able to sue Tri-Star, Union, Re-Max, or Hawk. Appellants assert Tri-Star, Union, Re-Max, and Hawk never made any claim of title to the disputed acre, therefore Sellman is not applicable. Appellants maintain Haas v. Gerski (1963), 175 Ohio St. 327, demonstrates that it is unnecessary to begin a quiet title action when there is no question as to present record title. However, Haas involved the issue of whether a forcible entry and detainer action could be entertained by a municipal court the same time a quiet title action was pending. Id. at 329. The Ohio Supreme Court held that an eviction action only dealt with the right to possession and not legal title, therefore the two actions could proceed simultaneously. Id. at 330. This case does not involve a pending quiet title action and there is no dispute over legal title or the right to possession since appellants quitclaimed the property to Zicka. Therefore, Hass is not applicable.
Notwithstanding the quitclaim deed to Zicka, appellants have no claim for relief against Re-Max, Hawk, Union and Tri-Star. Appellants have no claim against Tri-Star since a purchaser of land possesses no claim for relief against a title examiner who makes a mistake in conducting a title exam without privity of contract because the action does not sound in tort, but must be founded on contract. See Thomas v. Guarantee Title Trust (1910), 81 Ohio St. 432, paragraph one of the syllabus. The title examination by Tri-Star was done at the request of Union. Even if it was foreseeable that appellants would rely upon the title examination, in the absence of privity of contract, appellants have failed to state a claim on which relief can be granted. Kenney v. Henry Fischer Builder Inc. (1998), 129 Ohio App.3d 27, 32. Reasonable minds can come to but one conclusion, and that conclusion is that appellants lack privity of contract and have no claim for relief against Tri-Star. Consequently, Tri-Star is entitled to judgment as a matter of law.
Likewise, appellants have no claim against Re-Max and Hawk. On June 20, 1992, appellants were given an agency disclosure statement indicating Re-Max and Hawk represented the seller. Appellants both signed the disclosure statement indicating that they had read and understood it before signing the contract to purchase the Partins' property. Although real estate agents owe certain duties to the principals who hire them, no such duties exist between agents of the seller and potential or actual purchasers. See Miles v. Realty One, Inc. (May 9, 1996), Cuyahoga App. No. 69506; Hull v. Arrow Material Prods., Inc. (Sept. 1, 1995), Gallia App. 94CA25. Additionally, the contract to purchase the Partins' property, which was signed by both appellants, defines what is included in the sale. The contract states, "Real Estate shall include the land." The owner's certification in the contract states, the
 purchaser is relying solely upon his examination of the real estate, the owner's certification herein, and inspections herein required, if any, for its physical condition and character, and not upon any representation by the real estate agents involved who shall not be responsible for any defects in the real estate.
(Emphasis added.) Therefore, appellants have no claim against Re-Max and Hawk sounding in contract for the representation that the parcel contained ten acres.
Furthermore, the trial court did not address the statute of limitations in the second summary judgment and instead chose to render a decision based upon appellants quitclaiming the property to Zicka. However, the quitclaim deed to Zicka does not extinguish all of appellants' claims in this particular case. Appellants' claims against Re-Max and Hawk in tort for negligent misrepresentations may not have been extinguished by quitclaiming the property to Zicka, but the claims are barred by the statute of limitations under R.C. 2305.09. See Chandler v. Schriml (May 25, 2000), Franklin App. 99AP-1006. Appellants' economic injury occurred at the time they purchased the property. The fact that appellants did not realize their injury until much later does not change the fact that the financial injury occurred at the closing. R.C. 2305.09 provides that the statutory period for negligence actions such as a negligent misrepresentation action commences "within four years after the cause thereof accrued."
Appellants purchased the property Re-Max and Hawk represented as ten acres on October 27, 1992. Appellants filed a claim on October 7, 1999, nearly seven years after the injury occurred, which is well outside the statutory four-year period. Therefore, reasonable minds can come to but one conclusion, and that conclusion is that appellants' claim for negligent misrepresentation against Re-Max and Hawk is barred by R.C.2305.09. Consequently, Re-Max and Hawk are entitled to judgment as a matter of law.
Appellants argue in an action for misrepresentation it is "not necessary to allege or prove appellees made representations knowing they were false." It has been held that the intent to deceive may be presumed where a person makes positive statements "as implies the knowledge on his part, when in fact he has no knowledge as to whether his assertion is true or false." Pumphrey v. Quillen (1956), 165 Ohio St. 343, 347.
However, the absence of one of the elements of misrepresentation is fatal to the action. Manning v. Len Immke Buick, Inc. (1971),28 Ohio App.2d 203, 205. The first element is "a representation" that was "falsely made." Mussivand v. David (1989), 45 Ohio St.3d 314, 322. Appellants admit that Union never made any misrepresentations to them, innocent or otherwise. Since Union made no misrepresentation, reasonable minds can come to but one conclusion, and that conclusion is that appellants have no action for misrepresentation against Union. Therefore, Union is entitled to judgment as a matter of law.
In sum, Zicka has present title and the right of possession based upon the quitclaim deed, therefore, considering the second summary judgment as a present title action is unwarranted. Union never made any misrepresentations to appellants, therefore appellants have no claim for misrepresentation against Union. Appellants have no claim on which relief can be granted against Tri-Star because appellants lack privity of contract with Tri-Star. Appellants have no claim against Re-Max and Hawk under contract. Furthermore, appellants' claims for negligent misrepresentation against Re-Max and Hawk are barred by R.C. 2305.09. Therefore, the trial court made no error in granting the second summary judgment. Consequently, the second assignment of error is overruled.
Judgment affirmed.
POWELL, P.J., and VALEN, J., concur.