OPINION *Page 2 
{¶ 1} Third-party plaintiffs/appellants Rodger B. Lanning, II, et al. appeal the July 17, 2007 Judgment Entry entered by the Stark County Court of Common Pleas, which granted the motion to dismiss filed by third-party defendants/appellees CMEA Title Agency, Inc.
 STATEMENT OF THE FACTS AND CASE {¶ 2} As the trial court set forth a thorough rendition of the factual background of this matter in its July 17, 2007 Judgment Entry, we shall incorporate the majority of such herein. The Lannings own real property located at 2181 Brumbaugh Street, N.W., North Canton, Ohio ("Stark County property") and real property located at 653 East Washington Ave., Barberton, Ohio ("Summit County property"). On July 26, 2000, the Lannings executed a promissory note to JP Morgan for $75,000, and secured the note with a mortgage on the Summit County property. CMEA was the title company involved in closing the loan and responsible for recording the documents.
 {¶ 3} In late February, 2006, JP Morgan filed a Complaint in Foreclosure against the Lannings in the Stark County Court of Common Pleas in Case No. 2006CV00625. Attached to the Complaint was a copy of the mortgage on the Summit County property with the address of the property redacted and the words "Stark County" hand written in its place. The legal description attached to the mortgage on the Summit County property referenced the Stark County property. JP Morgan and the Lannings attempted to negotiate a forbearance agreement through Ocwen, JP Morgan's loan servicer. The attempts were unsuccessful, and JP Morgan foreclosed on the Stark County property, *Page 3 
which was subsequently sold at a sheriffs sale. The sheriffs sale of the Stark County property was eventually vacated.
 {¶ 4} In the meantime, Cutler and Associates, Inc., through its agent, Jonathan Caiazza, at the request of Ocwen, contacted the tenants residing in the Lannings' Summit County property, and instructed them to vacate the residence as it had been sold at a sheriffs sale. The Summit County property had, in reality, never been sold at a sheriffs sale, but the Stark County property had been erroneously sold.
 {¶ 5} On March 5, 2007, the Lannings filed a Third-Party Complaint against JP Morgan, Ocwen, CMEA, Cutler and Associates, Inc., and Jonathan Caiazza. The Lannings filed an Amended Third-Party Complaint on June 22, 2007, asserting negligence and willful and wanton misconduct claims against CMEA. JP Morgan and Ocwen filed negligence cross-claims against CMEA. CMEA filed a Motion to Dismiss the Amended Third-Party Complaint, maintaining the Lannings' claims for negligence/willful and wanton misconduct were barred by the statute of limitations.
 {¶ 6} Via Judgment Entry filed July 17, 2007, the trial court granted CMEA's motion to dismiss. The trial court found the four year statute of limitations for general negligence claims governed, and the Lannings, having failed to file their Complaint at the time of the injury, to wit: the date of the recording of the mortgage, were barred from recovery.
 {¶ 7} It is from this judgment entry the Lannings appeal, raising as their sole assignment of error: *Page 4 
 {¶ 8} "I. THE TRIAL COURT ERRED IN GRANTING APPELLEE'S MOTION TO DISMISS UPON THE BASIS THAT APPELLANT'S CLAIMS WERE BARRED BY A FOUR-YEAR STATUTE OF LIMITATIONS."
 I {¶ 9} In their sole assignment of error, the Lannings maintain the trial court erred in granting CMEA's motion to dismiss upon a finding their claims were barred by the four year statute of limitations for general negligence claims.
 {¶ 10} Our standard of review on a Civ.R. 12(B)(6) motion to dismiss is de novo. Greely v. Miami Valley Maintenance Contrs. Inc. (1990),49 Ohio St.3d 228. A motion to dismiss for failure to state a claim upon which relief can be granted is procedural and tests the sufficiency of the complaint. State ex rel. Hanson v. Guernsey Cty. Bd. ofCommrs., 65 Ohio St.3d 545, 1992-Ohio-73. Under a de novo analysis, we must accept all factual allegations of the complaint as true and all reasonable inferences must be drawn in favor of the nonmoving party.Byrd. v. Faber (1991), 57 Ohio St .3d 56.
 {¶ 11} The issue before this Court is when the Lannings' cause of action against CMEA arose. The trial court found the date of the resulting injury was on or about August 9, 2000, when CMEA altered and recorded the mortgage. The Lannings contend their cause of action did not accrue until they suffered the actual injury, the foreclosure proceedings instituted on or about February 22, 2006.
 {¶ 12} In support of its decision dismissing the Lannings' Third-Party Complaint, the trial court relied upon the Ohio Supreme Court's opinion in Investors REIT One v. Jacobs (1989), 46 Ohio St.3d 176. Therein, the Ohio Supreme Court held claims of *Page 5 
accountant negligence are governed by the four-year statute of limitations for general negligence claims set forth in R.C. 2305.09(D). Id. at paragraph one of the syllabus.
 {¶ 13} R.C. 2305.09 provides, in pertinent part:
 {¶ 14} "An action for any of the following causes shall be brought within four years after the cause thereof accrued:
 {¶ 15} "* * *
 {¶ 16} "(D) For an injury to the rights of the plaintiff not arising on contract nor enumerated in sections 2305.10 to 2305.12, 2305.14 and1304.35 of the Revised Code." R.C. 2305.09.
 {¶ 17} The Investors REIT One Court also held the "discovery rule" does not apply to claims of professional negligence brought against accountants. Id. at paragraph two of the syllabus. Pursuant to that rule, a cause of action accrues, for statute of limitations purposes, at the time the plaintiff discovers, or, in the exercise of reasonable care, should have discovered, the injury. Id. at 179. The Ohio Supreme Court reaffirmed its decision in Investors REIT One in Grant Thornton v.Windsor House, Inc. (1991), 57 Ohio St.3d 158, 566 N.E.2d 1220.
 {¶ 18} As stated supra, the trial court in this matter found the Lannings' Complaint against CMEA for negligence was barred by the four-year statute of limitations set forth in R.C. 2305.09(D). The trial court noted, pursuant to Investors REIT One, the four-year statute of limitations period began to run when the negligent act was committed. The trial court determined, because CMEA recorded the altered mortgage on or about August 9, 2000, the Lannings' should have filed their Complaint on or before August 9, 2004. We do not agree. *Page 6 
 {¶ 19} "To establish actionable negligence, one must show in addition to the existence of a duty, a breach of that duty and injury resulting proximately therefrom." Mussivand v. David (1989), 45 Ohio St.3d 314,318, 544 N.E.2d 265, 270. The Lannings, citing this general proposition, argue their cause of action for negligence against CMEA did not accrue until February 22, 2006, the date on which JP Morgan filed its foreclosure action, as they did not suffer an actual injury until that time. The Lannings ask this Court to follow our holding in Fritz v.Bruner Cox, L.L.P. (2001), 142 Ohio App.3d 664, and apply a "delayed damages" theory. We find, in the interest of justice, such theory should be recognized in this matter.
 {¶ 20} In Fritz, this Court noted:
 {¶ 21} "Neither the syllabus of Investors REIT One nor the syllabus ofGrant Thornton specifically address the applicability of the "delayed-damages" theory advocated by appellants. However, after considering Investors REIT One, the court in Gray v. Estate ofBarry (1995), 101 Ohio App.3d 764, 656 N.E.2d 729, held as follows:
 {¶ 22} "`Since there can be no negligence without injury, there can be no negligent conduct by which a cause accrues * * * until there is an injury to a legally protected interest. * * * In the case of anegligently prepared tax return or a tax form negligently omitted from areturn, there is no injury until the I.R.S. determines to levy a penaltyassessment. Until that time, no claim upon which relief can be grantedexists. Similarly, it is not until such a claim may be maintained thatthe time for any statute of limitation begins to run.' (Emphasis added and footnote omitted.) Id. at 768-769, 656 N.E.2d at 731." (Footnote omitted). Id. at 668. *Page 7 
 {¶ 23} This Court in Fritz, supra, found the court in Gray "applied a delayed-damages theory in holding that the four-year statute of limitations set forth in R.C. 2305.09(D) for bringing an accountant negligence action based on negligent preparation of a tax return did not begin to run until the Internal Revenue Service assessed a penalty for negligent preparation. * * * it was not until then that appellants suffered an `invasion of a legally protected interest'. See id. at 768,656 N.E.2d at 731, citing Kunz v. Buckeye Union Ins. Co. (1982),1 Ohio St.3d 79, 1 OBR 117, 437 N.E.2d 1194." Id. at 668-669 (Footnote omitted).
 {¶ 24} The Fritz Court continued:
 {¶ 25} "Based on the foregoing, we find that the trial court erred in holding that appellants' complaint against appellees for accountant negligence was barred by the four-year statute of limitations contained in R.C. 2305.09(D). We find that appellants' cause of action against appellees for accountant negligence did not accrue until appellants suffered actual damages. * * * the date the tax deficiencies were assessed.
 {¶ 26} "We are cognizant of the fact that other courts, in interpreting and applying Investors REIT One, would find that appellants' complaint against appellees for accountant negligence was time-barred, since it was not filed within four years after the alleged negligent act was committed, which, in this case, was the filing of appellants' 1994 federal income tax return on September 14, 1995. However, that interpretation of Investors REIT One would lead to an illogical and inequitable result, namely, that appellants' claims against appellees would be time-barred before appellants' damages even manifested themselves. * * * *Page 8 
 {¶ 27} " * * * we find Investors REIT One distinguishable from the case sub judice, since the issue in this matter is when appellants' cause of action accrued, not the discovery of appellants' injury. In short, we find that appellants' complaint was not barred by the four-year statute of limitations set forth in R.C. 2305.09(D), since appellants' cause of action for accountant negligence did not accrue until appellants suffered damages on August 13, 1998." Id. at 669 — 670. (Citations and footnotes omitted).
 {¶ 28} Based upon our analysis and disposition in Fritz, supra, we find the Lannings' cause of action did not accrue until they suffered damages on or about February 22, 2006. Accordingly, the Lannings' Third-Party Complaint is not barred by the four year statute of limitations for general negligence, and the trial court erred in granting CMEA's motion to dismiss.
 {¶ 29} The Lannings' sole assignment of error is sustained.
 {¶ 30} The matter is reversed and remanded to the trial court for further proceedings consistent with this opinion and the law.
 Hoffman, P.J., Wise, J. and Edwards, J. concur. *Page 9 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, this matter is reversed and remanded to the trial court for further proceedings consistent with our opinion and the law. Costs assessed to appellees. *Page 1