NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 09a0146n.06
Filed: February 18, 2009

No. 08-3100

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

LOCAL 219 PLUMBING AND PIPEFITTING )
INDUSTRY PENSION FUND, LOCAL 219 )
PLUMBING AND PIPEFITTING INDUSTRY )
PENSION PLAN, BOARD OF TRUSTEES OF THE )
PLUMBING AND PIPEFITTING INDUSTRY )
LOCAL 219 PENSION FUND, STANLEY A. )
BASSAK, JR., LOU GOLUB, AL JENKINS, JOHN )
KERR, DENNIS SPOHN, and JAMES SWENBERG, )      ON APPEAL FROM THE
                )      UNITED STATES DISTRICT
   Plaintiffs-Appellants, )      COURT FOR THE
                )      NORTHERN DISTRICT OF
   v. )      OHIO
                )
BUCK CONSULTANTS, LLC and MELLON )
CONSULTANTS, INC., )
                )
   Defendants-Appellees. )
                )

BEFORE: McKEAGUE and GRIFFIN, Circuit Judges; and WEBER, District Judge.[*]

   GRIFFIN, Circuit Judge.

   Plaintiffs appeal the district court's dismissal of their Amended Complaint under Fed. R. Civ.

P. 12(c). We affirm. In doing so, we hold that plaintiffs' professional negligence claims are time

barred pursuant to Ohio Rev. Code § 2305.09 and that the district court correctly ruled that Ohio law

does not permit the application of the "discovery rule" to plaintiffs' claims.

---

   [*]The Honorable Herman J. Weber, United States District Judge for the Southern District of
Ohio, sitting by designation.

I.

Plaintiffs are a joint labor-management employee benefit plan ("plan") and employee benefit pension fund ("fund") and the Board of Trustees for the plan and the fund. The purpose of the plan and fund is to provide pension benefits to eligible employees through employer contributions made pursuant to collective bargaining agreements with participating labor organizations.

Defendants Buck Consultants, LLC and Mellon Consultants, Inc. are financial consulting firms hired by plaintiffs to provide actuarial advice. Plaintiffs allege that defendants negligently advised plaintiffs by providing improper evaluations and calculations regarding the liabilities of the plan and fund. Specifically, plaintiffs allege that in 2000, defendants advised plaintiffs that employer contributions to the pension fund were not fully deductible unless certain benefit improvements were made to the plan. Based on this advice, plaintiffs made these improvements to ensure deductibility of employer contributions.

According to plaintiffs, during a subsequent review of the plan, conducted by a newly retained actuarial firm in 2005, plaintiffs discovered that defendants' liability calculations were incorrect and that their advice regarding the deductibility of employer contributions was erroneous.

Plaintiffs filed their complaint on May 31, 2007, seeking compensatory damages for professional negligence, negligent misrepresentation, violation of the Ohio Unfair Trade Practices Act, and breach of contract. Shortly thereafter, defendants filed a Motion for Judgment on the Pleadings pursuant to Rule 12(c) asserting the untimeliness of plaintiffs' claims.

The district court granted defendants' motion, ruling that each of plaintiffs' claims were time barred under Ohio Rev. Code § 2305.09 and rejecting plaintiffs' arguments that the "discovery rule" should toll § 2305.09's four-year limitations period. Plaintiffs timely appealed.

After the parties completed their appellate briefing, plaintiffs moved this court to seek certification of the following question to the Supreme Court of Ohio:

> When does the four-year statute of limitation under Ohio Rev. Code § 2305.09 begin to run in causes of action for actuarial negligence, actuarial negligent misrepresentation, violations by an actuary of the Ohio Unfair Trade Practices Act, and breach of contract by an actuary?

## II.

We review the district court's dismissal of plaintiffs' Amended Complaint under Fed. R. Civ. P. 12(c) using the same de novo standard of review we employ for a motion to dismiss under Fed. R. Civ. P. 12(b)(6). *Tucker v. Middleburg-Legacy Place*, 539 F.3d 545, 549 (6th Cir. 2008) (citing *Sensations, Inc. v. City of Grand Rapids*, 526 F.3d 291, 295 (6th Cir. 2008)). "For purposes of a motion for judgment on the pleadings, all well-pleaded material allegations of the pleadings of the opposing party must be taken as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment." *Tucker*, 539 F.3d at 549 (citing *JPMorgan Chase Bank, N.A. v. Winget*, 510 F.3d 577, 581 (6th Cir. 2007) (internal citation and quotation omitted)).

Plaintiffs present a single issue on appeal – whether the district court erred by declining to apply the "discovery rule" to toll the four-year limitations period applicable to plaintiffs' actuarial negligence claims. The parties agree that Ohio law applies to this case. Plaintiffs concede that § 2305.09's four-year limitations period governs their claims and admit that defendants' erroneous

advice occurred in 2000, seven years before they filed their complaint. Nevertheless, plaintiffs argue that the district court erred when it refused to apply the "discovery rule" to plaintiffs' claims because the cognizable event, namely, the exposure of defendants' alleged negligent advice, occurred in 2005.

"Ordinarily, a cause of action accrues and the statute of limitations begins to run at the time the wrongful act was committed." *Collins v. Sotka*, 692 N.E.2d 581, 582 (Ohio 1998). "However, under the discovery rule, which is an exception to the general rule, a cause of action accrues when the plaintiff discovers, or in the exercise of reasonable care should have discovered, that he or she was injured by the wrongful conduct of the defendant." *Id.* "In essence, the running of the limitations period is delayed until triggered by a 'cognizable event' that alerts the plaintiff that he or she was injured by the defendant." *Id.* "It is unnecessary for a plaintiff to be aware of the full extent of damages before there is a cognizable event." *Rosendale v. Ohio Dep't of Transp.*, No. 08AP-378, 2008 WL 4368580, at *2 (Ohio Ct. App. Sept. 25, 2008). In the absence of a legislative definition, "it is left to the judiciary to determine when a cause of action a[rises]." *O'Stricker v. Jim Walter Corp.*, 447 N.E.2d 727, 730 (Ohio 1983) (citation omitted).

Ohio Rev. Code § 2305.09 provides:

Four years; certain torts:

Except as provided for in division (C) of this section, an action for any of the following causes shall be brought within four years after the cause thereof accrued:

(A) For trespassing upon real property;

(B) For the recovery of personal property, or for taking or detaining it;

(C) For relief on the ground of fraud, except when the cause of action is a violation of section 2913.49 of the Revised Code, in which case the action shall be brought within five years after the cause thereof accrued;

(D) For an injury to the rights of the plaintiff not arising on contract nor enumerated in sections 1304.35, 2305.10 to 2305.12, and 2305.14 of the Revised Code;

(E) For relief on the grounds of a physical or regulatory taking of real property.

If the action is for trespassing under ground or injury to mines, or for the wrongful taking of personal property, the causes thereof shall not accrue until the wrongdoer is discovered; nor, if it is for fraud, until the fraud is discovered.

*Id.*

A.

Defendants heavily rely on *Investors REIT One v. Jacobs,* 546 N.E.2d 206 (Ohio 1989), which rejected the application of the discovery rule to tort claims governed by § 2305.09 that are not addressed in the statute's tolling provision, which appears below subsection (E):

If the action is for trespassing under ground or injury to mines, or for the wrongful taking of personal property, the causes thereof shall not accrue until the wrongdoer is discovered; nor, if it is for fraud, until the fraud is discovered.

Ohio Rev. Code § 2305.09.

Specifically, the *Investors REIT One* court stated:

While expressly providing a discovery rule for certain actions arising under [] 2305.09, no such rule was extended to general negligence claims. The General Assembly's failure to include general negligence claims under the discovery rule set out in [] 2305.09 argues strongly that it was not the legislature's intent to apply the discovery rule to such claims. *See Kirsheman v. Paulin*, 98 N.E.2d 26, 31 (1951) (explaining the statutory significance of the Latin phrase, *expressio unius est exclusio alterius*). The legislature's express inclusion of a discovery rule for certain torts arising under [] 2305.09, including fraud and conversion, implies the exclusion of other torts arising under the statute, including negligence. *See id.*

* * *

> The General Assembly has not adopted a discovery rule aplicable [sic] to general negligence claims arising under [] 2305.09. This court will not interpret [] 2305.09 to include a discovery rule for professional negligence claims against accountants arising under [] 2305.09 absent legislative action on the matter.

*Investors REIT One,* 546 N.E.2d at 211-12.

In 1991, the Supreme Court of Ohio reaffirmed its decision in *Investors REIT One. See Grant Thornton v. Windsor House, Inc.*, 566 N.E.2d 1220 (Ohio 1991). Thus, Ohio courts have expressly declined to apply the discovery rule to actions sounding in professional negligence under § 2305.09 unless or until the Ohio General Assembly legislates otherwise.

In light of *Investors REIT One*, we have also declined to apply the discovery rule to § 2305.09. *See Bell v. Bell*, 132 F.3d 32 (6th Cir. 1997) (unpublished table decision) (declining to apply discovery rule to claims governed by § 2305.09 that are not specifically identified in statute's tolling provision).

Plaintiffs contend that the rule announced in *Investors REIT One* has been supplanted by two Ohio appellate court cases, *Fritz v. Bruner Cox, L.L.P.*, 756 N.E.2d 740 (Ohio Ct. App. 2001) and *JP Morgan Chase Bank NA v. Lanning*, No. 2007CA00223, 2008 WL 588804, at*2 (Ohio Ct. App. Mar. 3, 2008). Both *Fritz* and *Lanning*, however, expressly distinguish *Investors REIT One* because the issue presented in those cases addressed the accrual of plaintiffs' claims. *See Fritz,* 756 N.E.2d at 745 ("[l]ikewise, we find *Investors REIT One* distinguishable from the case *sub judice*, since the issue in this matter is when appellants' cause of action accrued, not the discovery of appellants'

injury"); *Lanning*, 2008 WL 588804, at *2 (quoting *Fritz*'s reasoning and distinguishing the facts in *Lanning* from the facts in *Investors REIT One*). We therefore find plaintiffs' argument unavailing.

Next, plaintiffs assert that the *Investors REIT One* decision should not control the present case because accounting services are different in kind than actuarial services. Plaintiffs quote *Gallagher Corp. v. Mass. Mut. Life Ins. Co.*, 105 F. Supp. 2d 889 (N.D. Ill. 2000) to support this proposition. "Plaintiffs, as non-actuaries, were not in a position to understand the potentially injurious ramifications of using certain actuarial assumptions and methods." *Id.* at 899.

Although plaintiffs' argument is not without merit, they fail to convince how and why an accounting error is more evident to a non-accountant than an actuarial mistake is to a non-actuary. *A fortiori*, if we accept plaintiffs' contention, the same argument could be advanced by any non-professional in an action for professional negligence whose claims are time barred by § 2305.09, a result Ohio courts have consistently rejected.

Finally, plaintiffs argue that this court should extend the holding in *O'Stricker v. Jim Walter Corp.*, 447 N.E.2d 727 (Ohio 1983) to the present case. The *O'Stricker* court applied the discovery rule to a plaintiff's claim for bodily injury otherwise barred by Ohio Rev. Code § 2305.10, which contains a two-year limitations period. The *O'Stricker* plaintiff claimed that his injury (cancer) was caused by exposure to asbestos products mined, manufactured, and distributed by the defendants. 447 N.E.2d at 729. Cancer caused by asbestos exposure, however, is "a latent disease with a gestation period of up to thirty years." *Id.* at 731. The *O'Stricker* court held that "[c]oncern for fairness to plaintiff strongly supports a 'manifestation' or 'discovery' rule" because "[i]n

asbestos-cancer cases, most courts which have examined the medical evidence have concluded that bodily injury does not occur contemporaneously with exposure." *Id.* (citation omitted).

Here, plaintiffs fail to persuade that their injury is analogous to the plaintiff in *O'Stricker*. Asbestos tort litigation is a different animal than professional negligence, insofar as federal and state courts have struggled to reconcile the latency of asbestos-related diseases with applicable statutes of limitation. *See* Jennifer L. Leonardi, *It's Still Here!  The Continuing Battle over Asbestos in America,* 16 VILL. ENVTL. L.J. 129, 131-32 (2005).   Thus, the holding in *O'Stricker* is entirely consistent with the majority of courts in this country that apply the discovery rule to asbestos-related personal injury and product liability claims. *Id.*

However, the following quote from *O'Stricker* is instructive in the present case:

> It is well settled in other jurisdictions, and it is recognized in Ohio, that the legislature has the power to increase the period of time necessary to constitute a limitation, and also to make it applicable to existing causes of action, provided such change is made before the cause of action is extinguished under the pre-existing statute of limitations.

*O'Stricker*, 447 N.E.2d at 729 (internal citation omitted).

We hold that the district court did not err by refusing to apply the discovery rule to plaintiffs' otherwise untimely claims.

### B.

After filing their appellate briefs in this case, plaintiffs moved this court to certify the following question to the Supreme Court of Ohio:

> When does the four-year statute of limitations under Ohio Rev. Code § 2305.09 begin to run in causes of action for actuarial negligence, actuarial negligent

misrepresentation, violations by an actuary of the Ohio Unfair Trade Practices Act, and breach of contract by an actuary.

We have previously stated that "[r]esort to the certification procedure is most appropriate when the question is new and state law is unsettled." *Transamerica Ins. Co. v. Duro Bag Mfg. Co.*, 50 F.3d 370, 372 (6th Cir. 1995). The legal issue presented in this appeal is neither novel nor unsettled under Ohio law. We also note that plaintiffs elected a federal forum by filing their complaint in federal district court, and now, in light of an unfavorable judgment, seek refuge in the Ohio courts. "The appropriate time to seek certification of a state-law issue is before a District Court resolves the issue, not after receiving an unfavorable ruling." *Derungs v. Wal-Mart Stores, Inc.*, 162 F. Supp. 2d 861, 868 (S.D. Ohio 2001), *aff'd* 374 F.3d 428 (6th Cir. 2004). In addition, "[t]here is nothing to bar a party from suggesting the desirability of certification but the court should be slow to honor a request for certification from a party who chose to invoke federal jurisdiction." 17A Arthur R. Miller, Edward H. Cooper, Vikram David Amar, FEDERAL PRACTICE & PROCEDURE § 4248 (2008).

We deny plaintiffs' motion for certification based on our review of the applicable Ohio law and plaintiffs' choice of a federal forum.

III.

For these reasons, we affirm the judgment of the district court.